UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————

M.S. and E.L., each individually and on behalf of
A.L., a child with a disability,

                                                    COMPLAINT

                         *Plaintiffs,*

         -against-
                                                    Case No. 1:22-cv-00006

NEW YORK CITY
DEPARTMENT OF EDUCATION,

                         *Defendant.*


—————————————————————————

         Plaintiffs M.S. and E.L., by and through their attorneys, CUDDY LAW FIRM,

PLLC, for their complaint hereby allege:

1.       This is an action brought pursuant to the provisions of the Individuals with

Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, and 42 U.S.C. § 1983.

2.       Plaintiffs M.S. and E.L. and A.L. reside in the County of Kings, State of New

York.

3.       A.L. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

4.       At all relevant times, one or both of M.S. and E.L. have been and is/are currently

the parent of A.L. as defined by IDEA, 20 U.S.C. § 1401(23).

5.       Defendant New York City Department of Education ("DOE") is a local

educational agency as defined by IDEA, 20 U.S.C. §1401(19).

6.       DOE is obligated to provide educational and related programs and services to its

students in compliance with the applicable federal and state statutes, regulations, and the

U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq*., and the regulations promulgated thereunder.

7.      Defendant's principal office is located at 52 Chambers Street, New York, NY 10007.

## JURISDICTION AND VENUE

8.      Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, including 20 U.S.C. § 1415 and 42 U.S.C. § 1983, regardless of the amount in controversy.

9.      Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon DOE's residence at 52 Chambers Street, New York, NY 10007.

## FACTUAL BACKGROUND – CASE NUMBERS 181954 & 184021

10.      On about March 5, 2019, Plaintiff E.L. initiated a *pro se* impartial due process hearing on behalf of her son, A.L., by submitting a due process complaint ("DPC") to Defendant's Impartial Hearing Office.

11.      The *pro se* DPC sought adding applied behavior analysis ("ABA") to A.L.'s IEP and placing A.L. in a school that could provide it.

12.      This case was assigned Impartial Hearing Office Case No. 181954.

13.      On March 6, 2019, DOE acknowledged receipt of the *pro se* DPC and appointed Impartial Hearing Officer ("IHO") Diane Ciccone.

14.      On March 6, 2019, IHO Ciccone recused for the stated reason of unavailability, and DOE appointed IHO Edgar De Leon.

15. E.L. subsequently retained Cuddy Law Firm, P.L.L.C. ("CLF"), contingent upon successful amendment of the *pro se* DPC in Case No. 181954.

16. CLF assigned Benjamin M. Kopp as the lead attorney to E.L.'s case.

17. On April 5, 2019, Mr. Kopp submitted a proposed Amended DPC and his Notice of Appearance, both for Case No. 181954.

18. E.L.'s Amended DPC in Case No. 181954 alleged six different, detailed categories of how Defendant denied A.L. a free appropriate public education ("FAPE"), and proposed a variety of relief except as directly to placement.

19. On April 15, 2019, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) informed Mr. Kopp that E.L.'s Amended DPC in Case No. 181954 had been accepted and that a new thirty-day resolution period would commence.

20. On May 10, 2019, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) issued a notice that the result of the resolution period for Case No. 181954 was "PROCEED TO IMPARTIAL HEARING – 30 DAYS ELAPSED".

21. On May 10, 2019, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) issued a Motion to Schedule for Case No. 181954, stating that IHO De Leon would be in contact with Mr. Kopp.

22. During Case No. 181954 for certain non-placement relief, E.L. and her mother, M.S., found a school—Seton Foundation for Learning, Mother Franciska Elementary School ("Seton School")—that had a program which they found to be appropriate for A.L.

23.     On June 15, 2019, E.L. and M.S. informed DOE of their disagreement with DOE's recommended program and placement for A.L.'s 2019-20 school year, and timely informed DOE that A.L. would attend Seton School at public expense for the 2019-20 school year.

24.     On June 28, 2019, E.L. and M.S., via counsel, initiated an impartial due process hearing on behalf of A.L., by submitting a DPC to Defendant's Impartial Hearing Office.

25.     The June 28, 2019 DPC included a notice of Case No. 181954 as a related proceeding.

26.     The June 28, 2019 DPC included a notice of A.L.'s services-only pendency program.

27.     The June 28, 2019 DPC alleged five different categories of how DOE denied A.L. a FAPE for the 2019-20 school year, and further alleged the appropriateness of Seton School and the equities favoring public funding of A.L.'s tuition.

28.     The June 28, 2019 DPC proposed as relief:

    a.      A finding that the DOE denied A.L. a FAPE for the 2019-20 school year, Seton School is an appropriate placement, and equity favors reimbursement/prospective payment of A.L.'s tuition and related costs of Seton School, including related services and transportation, for the 2019-20 school year;

    b.      The IHO order the DOE to reimburse the Parents for payments made, and make prospective payments to Seton School for any remaining amounts owed, for tuition, OT and SLT services, a paraprofessional, any out-of-pocket costs, and related costs for the A.L.'s attendance at Seton School, during the 2019-20 school year;

c.     The IHO order the DOE to provide transportation from A.L.'s home to Seton School, for him to attend Seton School for the 2019-20 school year;

d.     Alternatively, if the IHO were not to find Seton School to be an appropriate placement, an order directing the CSE to convene and review all evaluative materials, with all mandated members present, to develop an appropriate IEP and secure an appropriate school placement, whether public or non-public, for the 2019-20 school year;

e.     The DOE pay the Parents' reasonable attorney's fees and expenses in conjunction with representation in the matter;

f.     In the event that an impartial hearing is scheduled to address the Parents' concerns, the IHO award any additional and/or further relief that may be appropriate and necessary to ensure that A.L. be provided with a FAPE for the duration of the 2019-20 school year.

29.    On July 1, 2019, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) informed Mr. Kopp that it had received the June 28, 2019 DPC.

30.    The June 28, 2019 DPC was assigned Case No. 184021.

31.    The July 1, 2019 notice indicated that IHO De Leon was appointed to Case No. 184021.

32.    The July 1, 2019 notice included a statement that:

"NOTE: In accordance with statutory and regulatory requirements, the Department of Education must convene a resolution meeting within 15 days from the date of request identified above, unless both the parent and the school district agree in writing to waive the resolution session. Therefore, the office identified above will be contacting you regarding the resolution meeting. Note that requests regarding Section 504 issues, requests made by

the school district or cases remanded by the State Review Officer are not subject to the resolution process."

33.     DOE did not contact E.L., M.S. nor Mr. Kopp to schedule a mandatory resolution meeting. *See* 200.5(j)(2).

34.     On July 15, 2019, IHO De Leon issued an Order stating that he received a Notice of Consolidation for Case Nos. 181954 and 184021, and that consolidation was denied because "it will not promote efficiency to consolidate the two cases."

35.     On July 16, 2019, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) informed the parties that IHO De Leon had recused from Case No. 184021 for the stated reason that consolidation had been denied, and that DOE had appointed IHO Judith T. Kramer to Case No. 184021.

36.     On July 24, 2019, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) informed the parties that IHO Kramer had recused from Case No. 184021 for the stated reason of unavailability, and that DOE had appointed IHO Gary D. Peters to Case No. 184021.

37.     On August 2, 2019, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) issued a notice that the result of the resolution period for Case No. 184021 was "PROCEED TO IMPARTIAL HEARING – 30 DAYS ELAPSED".

38.     On August 5, 2019, IHO De Leon alerted the parties that he scheduled the hearing for Case No. 181954 for October 22, 2019.

39.     On August 5, 2019, DOE clarified that, moving forward, Jeannette Montolio would represent DOE in Case No. 181954, and that Chanie Graus would represent DOE in Case No. 184021.

40.    On August 27, 2019, IHO Peters held a pendency hearing in Case No. 184021, where:

   a.    IHO Peters noted that DOE had claimed it did not have anyone working to appear and that Mr. Kopp opposed adjournment of the pendency hearing;

   b.    DOE did not send a representative to appear in person at DOE's venue for impartial hearings on DOE's behalf;

   c.    Mr. Kopp, for E.L. and M.S., entered five exhibits;

   d.    A status conference was scheduled for November 13, 2019.

41.    On August 27, 2019, in Case No. 184021, IHO Peters issued an Order on Pendency that:

   "PURSUANT TO THE LAST AGREED UPON IEP, COMMENCING THE DATE OF FILING OF THE [DPC], THE DOE IS DIRECTED TO PAY FOR THE FOLLOWING:"

      a.    "Occupational Therapy 2 X 30 X 1";

      b.    "Speech/Lang. Therapy 3 X 30 X 1";

      c.    "Speech/Language Therapy 3 X 30 X in a group of 2";

      d.    "Parent Counseling and Training 1 X month for 60 minutes".

42.    DOE did not provide the Case No. 184021 Order on Pendency to E.L., M.S., nor their counsel until September 5, 2019.

43.    In Case No. 184021, Mr. Kopp alerted IHO Peters to services for a paraprofessional and specialized transportation that needed to be included in A.L.'s pendency program.

44.    On September 12, 2019, IHO Peters amended the Case No. 184021 Order on Pendency to include A.L.'s paraprofessional and specialized transportation.

45. DOE did not provide the Case No. 184021 Amended Order on Pendency to E.L., M.S., nor their counsel until September 17, 2019.

46. For Case No. 181954, on September 6, 2019, Mr. Kopp submitted a Second Amended DPC, which added M.S. as a parent to the proceeding.

47. The Second Amended DPC for Case No. 181954 alleged the same six categories of DOE's denial of FAPE to A.L.

48. The Second Amended DPC for Case No. 181954 alleged that DOE denied A.L. a FAPE for the 2017-18, 2018-19, and 2019-20 school years.

49. The Second Amended DPC for Case No. 181954 proposed as relief:

    a.     A finding that the DOE denied A.L. a FAPE for the 2017-18, 2018-19, and 2019-20 school years;

    b.     By interim order, DOE complete a(n): (i) physical therapy ("PT") evaluation, conducted by a licensed physical therapist; (ii) occupational therapy ("OT") evaluation, conducted by a licensed occupational therapist; (iii) speech-language therapy ("SLT") evaluation, conducted by a licensed speech-language pathologist; and (iv) assistive technology ("AT") evaluation, conducted by a certified AT specialist;

    c.     By interim order, DOE fund an independent neuropsychological evaluation by Dr. John Ferrera at his usual and customary rate of $5,000.00;

    d.     By interim order, DOE fund an independent functional behavioral assessment ("FBA"), by a board-certified behavior analyst ("BCBA") of Kid Success, Inc., at the usual and customary rate of $1,500.00 charged by Kid Success, Inc. for such evaluations, and if warranted by the FBA, to fund a behavior

intervention plan ("BIP") developed by a BCBA of Kid Success, Inc. at the usual and customary rate of $450.00;

e.      DOE provide A.L. with compensatory academic services, at an enhanced rate not to exceed $126/hour, with appropriate nature and total hours of such to be determined following the above evaluations, at times that do not interfere with A.L.'s school day;

f.      DOE provide A.L. with compensatory related services, at an enhanced rate not to exceed $250/hour, with appropriate nature and total hours of such to be determined following the above evaluations, at times that do not interfere with A.L.'s school day;

g.      DOE provide A.L. with hour-for-hour make-up parent counseling and training ("PCAT") services, in an amount of at least 24 hours, at an enhanced rate not to exceed $126/hour, at times that do not interfere with the work day;

h.      DOE's Committee on Special Education ("CSE") re-convene within 10 days of receipt of the above-referenced evaluations, for the IEP team to review and consider all said evaluations and develop an IEP with appropriate mandates, including a research-based instructional methodology such as ABA that is appropriate for children with autism, as well as meaningful measurable goals stated in behavioral terms for all of A.L.'s areas of need, as determined by the above evaluations, along with adequate PCAT sessions tailored to enable the Parent to meaningfully assist with implementing A.L.'s IEP;

i.      DOE pay the reasonable attorneys' fees and expenses in conjunction with representation in the matter; and

j.    In the event that an impartial hearing is scheduled to address the Parent's concerns, any additional and/or further relief that may be appropriate and necessary to ensure that A.L. is provided with a free, appropriate public education for the 2017-18, 2018-19, and/or 2019-20 school years.

50.    On October 16, 2019, in Case No. 181954, Mr. Kopp alerted IHO De Leon of a "potential conflict issue" concerning one witness, "in case any appropriate actions need to be taken."

51.    On October 17, 2019, IHO De Leon alerted the parties that he would have to recuse from Case No. 181954.

52.    On October 21, 2019, in Case No. 181954, DOE alerted the parties that IHO De Leon recused for the stated reason of being unavailable and DOE's Impartial Hearing Office appointed IHO Theresa Joyner.

53.    On October 30, 2019, in Case No. 181954, IHO Joyner recused for the stated reason of unavailability within the mandated timelines, DOE's Impartial Hearing Office appointed IHO Susan Barbour.

54.    On October 30, 2019, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) informed Mr. Kopp that E.L.'s and M.S.'s Second Amended DPC in Case No. 181954 had been accepted and that a new thirty-day resolution period would commence.

55.    On November 13, 2019, in Case No. 184021, IHO Peters held a status conference for the parties, where:

a.    The parties and IHO Peters had some discussion off the record;

b.    DOE sent Junith Laine as a representative in place of Ms. Graus;

      c.      Mr. Kopp confirmed that A.L. was receiving his pendency services;

      d.      On IHO Peter's mention of his understanding that the parties simply needed a DOE settlement attorney assignment, Mr. Kopp noted that he had not been informed of DOE's interest in settling, but that E.L. and M.S. would be open to such discussion.

56.      On December 2, 2019, in Case No. 181954, IHO Barbour recused for the stated reason of unavailability and DOE's Impartial Hearing Office appointed IHO Daniel Ajello.

57.      On December 2, 2019, IHO Ajello emailed the parties to inform them of a scheduled prehearing conference for Case No. 181954 and provide them with his hearing procedures.

58.      A telephonic pre-hearing conference was held on December 9, 2019, for Case No. 181954.

59.      On December 9, 2019, while stuck in transit, DOE's representative emailed IHO Ajello and Mr. Kopp that she might not be able to call into the pre-hearing conference for Case No. 181954.

60.      On December 9, 2019, in Case No. 181954, over the course of eleven minutes on the record:

      a.      DOE's representative did not appear for the telephonic pre-hearing conference;

      b.      IHO Ajello clarified with Mr. Kopp what was being sought for A.L.;

      c.      The following discussion took place:

          "HEARING OFFICER AJELLO: … So I'm going to set a date of either - - it's going to be January 23rd, either 8 a.m. or 11:30. You let me know what time. And assuming the DOE is not going to present a case, and you're just going to ask me for evaluations, you

may just send me some documents via email that say here are the requests, we never got them, here's why I think I need them, and they're not going to necessarily have witnesses. I may just be looking at documents. So if we set [it] for 8 o'clock on the 23rd, we may just be on the phone having this discussion again. The DOE may not have a case. And if they tell you they're going to have witnesses, then great. I guess we'd have to show up and look at their witnesses. If they tell you they're not going to present a case, then they would pass on their case, and you would ask me for your evaluations. And I would see where we are.

MR. KOPP: Okay.

HEARING OFFICER AJELLO: And depending on what you give me by then, I may be saying look I can order these evaluations, but I don't want to come back in February and someone's going to explain to me why you want comp[ensatory] ed[ucation].

MR. KOPP: Um-hum.

HEARING OFFICER AJELLO: And if you can get an evaluation done by the time we come back, great. But I don't want to play it - - what happens is we end up with these cases going for six, seven months while we wait for evaluations, and I don't want these - - I'm not going to do that anymore."

61.     On December 9, 2019, in Case No. 181954, IHO Ajello emailed the parties, as follows:

"Set for 1.23.20 1130am.
If [DOE] not presenting a case parties can appear by phone. Then we will discuss [IEE] request and set another date in [February] to conclude."

62.     On December 26, 2019, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) informed the parties that the January 23, 2020 hearing in Case No. 181954 had been scheduled for 11:00 a.m., half an hour earlier than previously documented.

63.     On January 3, 2020, Mr. Kopp inquired whether DOE planned to have witnesses for the January 23, 2020 hearing date in Case No. 181954.

64.     On January 7, 2020, DOE's representative informed Mr. Kopp that she expected "to present at least two witnesses" for Case No. 181954.

65.     A hearing was held for E.L., M.S., and A.L. on January 23, 2020, in Case No. 181954.

66.     On January 23, 2020, in Case No. 181954, after an off-record discussion at the hearing scheduled for 11:00 a.m., over the course of fourteen minutes on the record (i.e., 11:27 – 11:43 a.m.):

    a.      IHO Ajello entered two IHO exhibits;

    b.      E.L. and M.S. withdrew six "placeholder" exhibits and entered thirty-eight exhibits;

    c.      E.L. and M.S., among their entered exhibits, presented all five witnesses via affidavit, who DOE declined to cross-examine;

    d.      After the off-record discussion, the following discussion took place on the record:

> "HEARING OFFICER AJELLO: … If my understanding is correct, the Department of Education is not defending against any of the allegations and does agree with the fact that evaluations of the student are needed?
> MS. MONTOLIO: Yes.
> HEARING OFFICER AJELLO: Okay. I'm assuming they're not agreeing with rates - -
> MS. MONTOLIO: No.
> HEARING OFFICER AJELLO: - - or setting forth a position on rates?
> MS. MONTOLIO: We have no position on rates right now.
> HEARING OFFICER AJELLO: Okay. So it's up to me to look through this, see what the parent requests, and see if the request is reasonable to get this done. The student will, playing it out, will [*sic*] eventually end up, after the evaluations are done, having another IEP meeting based on the evaluations. But even now, my understanding is the Parent feels their documents that they've submitted lay out a map for getting compensatory services, some based on missed sessions and some based on, the Parent's contention is, improper or nondelivery of FAPE based on not providing ABA to the student. And the Parent's seeking for some at-home ABA services to make up for that failure. Now, I just kind of put that together. And I know

13

I have the Parent's due process complaint that was amended. But now that we've gotten this far, and the Department of Education isn't presenting a case, I'm just going to ask Mr. Kopp to tell me if there's anything else you want to add initially based on what just played out?

MR. KOPP: I don't believe there's anything else to add, unless we would like to wait for evaluations to come back that may be able to provide a little bit further insight into what FAPE looks like at this time for this child and to any extent that may weigh in on what compensatory services look like. But we would also say that the proposal that the parent has laid out in her own affidavit should provide what's needed at this time."

   e.     IHO Ajello indicated on the record that, in order to maintain efficiency and

   clarity between cases, he would request an expedited transcript and write a decision

   based on the evidence provided.

67.     On January 23, 2020, in Case No. 181954, Mr. Kopp offered IHO Ajello a written

closing statement with record citations for the precise relief being sought.

68.     On February 4, 2020, in Case No. 181954, IHO Ajello issued a Finding of Facts

and Decision ("FOFD").

69.     The FOFD in Case No. 181954 included a finding that Defendant failed to offer

A.L. a FAPE for the 2017-18, 2018-19, and 2019-20 school years.

70.     The Case No. 181954 FOFD's findings of fact and conclusions of law were in

parent's favor.

71.     Based upon the findings of fact and conclusions of law contained in the Case No.

181954 FOFD, IHO Ajello awarded relief, including:

   a.     DOE shall fund 54 hours of Physical Therapy services for the Student, via

          Related Service Authorization (RSA). Services to be utilized within one and

          a half years of receipt by Parent, of the RSA;

b. DOE shall fund 24 hours of Parent Training and Counseling for the Parent. Service to be utilized within one and a half years, of receipt by Parent, of RSA;

c. DOE shall fund an independent neuropsychological evaluation at a cost of up to $5,000.00;

d. DOE shall fund an independent functional behavior assessment ("FBA") at a cost of up to $1,500.00;

e. DOE shall fund an independent behavior intervention plan ("BIP") at a cost of up to $450.00;

f. DOE shall perform the following evaluations (i.e., AT, PT, OT, SLT) within 30 days of the date of this Order, and if not completed and delivered within 30 days, DOE shall authorize independent evaluations at market rate;

g. DOE shall fund 270 hours of Applied Behavior Analysis (ABA) at a cost of up to $126.00 per hourly session, with hours available for two years from date of receipt of authorization to utilize services; and

h. DOE shall provide Parent with documentation and authorization to implement this Order within ten days of the date of this Order.

72. The awarded relief contained in the Case No. 181954 FOFD was in the parent's favor.

73. On February 10, 2020, for Case No. 184021, Mr. Kopp emailed Ms. Graus as follows:

"We received an FOFD in the Student's other case. In pertinent part, it includes a finding that the DOE denied him a FAPE for the 2019-20 school year, and awards evaluations. The Parent's position is that collateral estoppel prevents the parties from re-litigating the denial of FAPE issue,

and the IHO should defer to the decision in the other matter. It is also the Parent's position that we should wait for evaluations to be completed before scheduling a hearing date, as the evaluations will give insight regarding the appropriateness of the private placement."

74.    On February 10, 2020, Ms. Graus responded, "I agree with your position."

75.    CLF has conducted various tasks, including communicating with service providers and Defendant's Impartial Hearing Order Implementation Unit ("IHOIU"), aimed toward ensuring the implementation of IHO Ajello's Case No. 181954 FOFD.

76.    On March 31, 2020, after the start of citywide COVID-19 shutdowns, DOE's IHOIU informed CLF that evaluations DOE was ordered to conduct in Case No. 181954 would be funded by DOE and that the IHOIU needed to know what providers E.L. and M.S. would choose.

77.    On April 8, 2020, as to Case No. 181954, E.L. and M.S., via CLF, requested authorizations for all independent evaluations except assistive technology.

78.    On April 28, 2020, as to Case No. 181954, DOE's IHOIU authorized payment for Integrative Neuropsychological to have Dr. Ferrera conduct A.L.'s independent neuropsychological evaluation.

79.    On April 29, 2020, as to Case No. 181954, Dr. Ferrera provided DOE's IHOIU with the invoice and evaluation report.

80.    On May 7, 2020, in Case No. 184021, IHO Peters held a status conference for the parties, where:

    a.    DOE did not send a representative to appear on its behalf;

    b.    Mr. Kopp confirmed that A.L. was receiving his pendency services, that certain evaluations that the parties were waiting for in Case No. 184021 had been completed, and that IHO Ajello's unappealed FOFD from Case No. 181954 would

be proffered to show that the issue of FAPE for the 2019-20 school year had already been litigated and decided;

c.      IHO Peters scheduled June 18, 2020 as a final status conference to determine whether there would be a hearing date set.

81.      On June 11, 2020, for Case No. 184021, Mr. Kopp emailed a Motion for Summary Judgment to IHO Peters and Ms. Graus, as follows:

> "The Parent seeks to invoke your authority as expressed in *J.D. v. Pawlet Sch. Dist*., 224 F. 3d 60, 69 (2d Cir. 2000) to make a determination on summary judgment in this matter, there being no genuine issue of material fact between the parties requiring a full hearing outside documentary evidence. Please find attached the Parent's motion and, as a separate PDF, accompanying exhibits with an exhibit list.
>
> I note that the DOE is receiving this motion for the first time, so I will defer to Ms. Graus regarding how much time the DOE may need to respond."

82.      On June 18, 2020, during an off-record telephonic status conference in Case No. 184021, the parties and IHO Peters agreed that the matter could be resolved on documentation.

83.      On June 18, 2020, in Case No. 184021, IHO Peters emailed the parties, confirming: (i) Mr. Kopp submitted a Motion for Summary Judgment and DOE was not submitting opposition; (ii) DOE waived its right to cross-examine parent witnesses; and (iii) the hearing would not be rescheduled and the IHO would decide the motion.

84.      On August 12, 2020, IHO Peters issued an FOFD for Case No. 184021.

85.      The August 12, 2020 FOFD in Case No. 184021 found that DOE denied A.L. a FAPE for the 2019-20 school year.

86.      The August 12, 2020 FOFD in Case No. 184021 found that Seton School was an appropriate placement for the 2019-20 school year.

87. The August 12, 2020 FOFD in Case No. 184021 found that the equities favored reimbursement and prospective payment of A.L.'s tuition and related costs of Seton Foundation, including related services and transportation, for the 2019-20 school year.

88. IHO Peters, in the August 12, 2020 FOFD in Case No. 184021, ordered:

    a. DOE fund, via reimbursement to E.L. and M.S. for payments made and via prospective payments to Seton School for any remaining amounts owed, A.L.'s tuition and all other related costs of attendance, including OT and SLT services, a paraprofessional, parent counseling and training, and specialized transportation for the entirety of the 2019-20 school year;

    b. DOE pay the sum of $50,400.00 for the 2019-20 school year as $44,400.00 to Seton School and $6,000.00 to E.L. and M.S.;

    c. Payment shall be made within thirty days of receipt of an invoice in a form satisfactory to DOE.

89. On September 14, 2020, Seton School provided DOE's IHOIU with A.L.'s updated tuition affidavit, enrollment contract, and the Case No. 184021 FOFD.

90. In the absence of response concerning other authorizations from DOE's IHOIU as to Case No. 181954, on September 16, 2020, E.L. and M.S., via CLF, followed up with the IHOIU on authorizations for the independent evaluations under IHO Ajello's February 4, 2020 FOFD.

91. On September 16, 2020, in Case No. 184021, as "proof of payment", DOE's IHOIU demanded the fronts and backs of all checks listed on Seton School's tuition affidavit, which were provided on September 17, 2020.

92.     On September 16, 2020, in Case No. 184021, DOE's IHOIU questioned Mr. Kopp on Seton School's remote services as a prerequisite to implementing IHO Peter's FOFD.

93.     On September 18, 2020, DOE indicated that it did not have E.L. or M.S. in their system to provide reimbursement, even though both E.L. and M.S. were DOE employees.

94.     On September 21, 2020, as to Case No. 181954, E.L. and M.S., via CLF, requested authorization for ABA and PCAT hours under IHO Ajello's February 4, 2020 FOFD; and in the absence of response concerning the remaining requested authorizations, Mr. Kopp requested copies of all authorizations sent by DOE's IHOIU.

95.     In response to Mr. Kopp's September 21, 2020 email, as to Case No. 181954, on September 22, 2020, DOE's IHOIU: (i) stated that the FBA, BIP, PT, OT, and SLT evaluations were authorized; (ii) requested information to authorize the AT evaluation; (iii) stated that the compensatory ABA was authorized; and (iv) noted that RSAs for PT and PCAT could not be authorized as "fund items".

96.     On about September 22, 2020, Seton School received a partial payment from DOE in the amount of $31,800.00, for Case No. 184021, without explanation for why full payment was not rendered.

97.     On November 20, 2020, as to Case No. 181954, with CLF included, Christine Genna of the Language and Learning Lab of NY requested authorization from DOE's IHOIU under Case No. 181954 for funding of A.L.'s assistive technology evaluation, noting that the "evaluation will not occur till authorization is received".

98.     On December 2, 2020, despite DOE's IHOIU previously stating that funding had been authorized for the PT, OT, and SLT evaluations, the evaluator—Exceptional Results

Agency—confirmed that none of the evaluations had been paid; and CLF alerted DOE's IHOIU of the same, without response.

99.     On December 8, 2020, July 27, 2021, September 10, 2021, October 7, 2021, and November 2, 2021, Seton School emailed DOE's IHOIU to follow-up on the remaining balances owed under the Case No. 184021 FOFD; and to date, such payments have not been received.

100.    On January 14, 2021, as to Case No. 181954, Ms. Genna delivered the AT evaluation invoice to DOE's IHOIU.

101.    On March 9, 2021, following receipt of Kid Success, Inc.'s authorization to provide A.L. compensatory ABA services under the Case No. 181954 FOFD, Mr. Kopp alerted DOE's IHOIU that it had erroneously set A.L.'s entitlement to end in March 2022 instead of September 2022.

102.    On March 10, 2021, DOE's IHOIU informed Mr. Kopp that the expiration date would be updated.

103.    Implementation efforts for the FOFD in Case Nos. 181954 and 184021 remain ongoing.

104.    RSAs for PT and PCAT under the Case No. 181954 FOFD were issued.

105.    On about August 20, 2021, Dr. Ferrera was paid by DOE for A.L.'s independent neuropsychological evaluation under the Case No. 181954 FOFD.

106.    The FBA and BIP remain in progress and unpaid under the Case No. 181954 FOFD.

107.    Exceptional Results Agency has been paid for the PT, OT, and SLT evaluations that it conducted under the Case No. 181954 FOFD.

108. A.L. has remaining hours of ABA as well as outstanding invoices for ABA provided under the Case No. 181954 FOFD.

109. DOE failed to provide documentation and authorizations within ten days of the later of the Order or, where applicable, provider information to authorize under the Case No. 181954 FOFD.

110. DOE has not fully paid tuition in the amount owed by DOE under the Case No. 184021 FOFD to Seton School.

111. DOE has not fully paid tuition reimbursement in the amount owed by DOE under the Case No. 184021 FOFD to Plaintiffs.

112. DOE has failed to make its payments to, respectively, Seton School and Plaintiffs within thirty days of receipt of DOE's requested satisfactory documentation, as ordered under the Case No. 184021.

113. On January 22, 2021, Plaintiffs, via CLF, submitted a demand for attorneys' fees to Defendant's Office of Legal Services for Case No. 181954.

114. Plaintiffs' January 22, 2021 fee demand for Case No. 181954 was in the amount of $44,103.53.

115. Plaintiffs' January 22, 2021 fee demand for Case No. 181954 showed that discretionary reductions had been made in the amount of $3,295.00, not inclusive of time already "no-charged" (i.e., designated by "NC").

116. On January 22, 2021, Plaintiffs, via CLF, submitted a demand for attorneys' fees to Defendant's Office of Legal Services for Case No. 184021.

117. Plaintiffs' January 22, 2021 fee demand for Case No. 184021 was in the amount of $28,003.69.

118.     Plaintiffs' January 22, 2021 fee demand for Case No. 184021 showed that discretionary reductions had been made in the amount of $2,890.00, not inclusive of time already "no-charged" (i.e., designated by "NC").

119.     On January 28, 2021, in two separate emails, DOE communicated that its agency attorney Roslyn Roth was assigned to review Plaintiffs' fee demands in each Case Nos. 181954 and 184021.

120.     Neither DOE nor Ms. Roth communicated with Plaintiffs or their counsel concerning the Case No. 181954 fee demand, during the time period from Ms. Roth's assignment until October 20, 2021, a period of nearly ten months.

121.     On October 20, 2021, Ms. Roth issued a numerical offer of settlement for Case No. 181954, which was substantially lower than the fee demand, without explanation.

122.     On October 21, 2021, as to Case No. 181954, CLF Managing Attorney Andrew Cuddy noted to Ms. Roth that the offer appeared to not be made in good faith, and requested "details of rates [she was] using and identify each entry [she] object[ed] to and the basis of the objection."

123.     On October 21, 2021, as to Case No. 181954, without any detail, Ms. Roth stated, "We analyzed your claim based on current case law in reference to rates awarded to your firm in straightforward IDEA cases."

124.     On October 21, 2021, as to Case No. 181954, Mr. Cuddy informed Ms. Roth that, if she was unwilling to provide details, the matter would have to be sued, as there did not appear to be any basis for a drastic reduction to the fee demand.

125.    On October 21, 2021, as to Case No. 181954, Ms. Roth continued to evade the question, stating only, "We have the benefit of very recent cases for reasonable rates for the individuals that informs our analysis."

126.    On October 21, 2021, as to Case No. 181954, Mr. Cuddy informed Ms. Roth, that due to the continued evasion, it would have to be assumed that authority was not provided for answers to be given.

127.    As to the Case No. 184021 fee demand, neither DOE nor Ms. Roth communicated with Plaintiffs or their counsel concerning that fee demand, during the time period from Ms. Roth's assignment until October 21, 2021, also a period of nearly ten months.

128.    On October 21, 2021, Ms. Roth issued a numerical offer of settlement for Case No. 184021, which was also substantially lower than the fee demand, without explanation.

129.    On October 21, 2021, as to Case No. 184021, Mr. Cuddy noted to Ms. Roth that the offer appeared to not be made in good faith, and requested "details of rates [she was] using and identify each entry [she] object[ed] to and the basis of the objection."

130.    On October 21, 2021, as to Case No. 184021, without any detail, Ms. Roth gave the same initial answer as for Case No. 181954, stating, "We analyzed your claim based on current case law in reference to rates awarded to your firm in straightforward IDEA cases."

131.    On October 21, 2021, as to Case No. 184021, Mr. Cuddy responded, as follows:

"Not seeing that. We'll just sue it and the other one.
In the future, if you are not willing to provide us the details of your analysis,
I will assume that there is no legitimate basis for the reductions and we'll
sue it."

132.    To date, DOE has not provided any details to address its chosen reductions.

133.    To date, DOE has not paid the attorneys' fees and costs for Case Nos. 181954 and 184021.

**FACTUAL BACKGROUND – CASE NUMBER 195046 (2020-21 SY)**

134.    Between the FOFDs for Case Nos. 181954 and 184021, E.L. and M.S. retained CLF to represent them on behalf of A.L. for the 2020-21 school year.

135.    DOE, less than a month prior to IHO Ajello's FOFD in Case No. 181954, issued a January 2020 IEP that was essentially the same as the January 2019 IEP at issue in Case Nos. 181954 and 184021.

136.    DOE did not reconvene an IEP meeting after IHO Ajello's FOFD nor after Dr. Ferrera's neuropsychological evaluation of A.L.

137.    On June 15, 2020, E.L. and M.S. informed DOE of their disagreement with DOE's recommended program and placement for A.L.'s 2020-21 school year, and timely informed DOE that A.L. would continue to attend Seton School at public expense for the 2020-21 school year.

138.    On July 1, 2020, E.L. and M.S., via counsel, initiated an impartial due process hearing on behalf of A.L., by submitting a DPC to Defendant's Impartial Hearing Office.

139.    The July 1, 2020 DPC included a notice of A.L.'s pendency entitlements and the then-ongoing hearing in Case No. 184021.

140.    The June 28, 2019 DPC alleged six different categories of how DOE denied A.L. a FAPE for the 2020-21 school year, and further alleged the appropriateness of Seton School and the equities favoring public funding of A.L.'s tuition.

141.    The June 28, 2019 DPC proposed as relief:

        a.      An immediate pendency determination;

b.    A finding that the DOE denied A.L. a FAPE for the 2020-21 school year;

c.    A finding that Seton School was an appropriate placement for A.L.;

d.    A finding that equity favored reimbursement/prospective payment of A.L.'s tuition and related costs of Seton School, including related services and transportation, for the 2020-21 school year;

e.    The DOE to fund A.L.'s tuition (via reimbursement/prospective payment), related services, a paraprofessional, any out-of-pocket costs, and all other related costs of A.L.'s attendance at Seton School, during the 2020-21 school year;

f.    The CSE mandate and provide appropriate, individualized PCAT services tailored to assist A.L.'s family in meeting his unique needs;

g.    The DOE pay the Parents' reasonable attorney's fees and expenses in conjunction with representation in the matter;

h.    In the event that an impartial hearing is scheduled to address the Parents' concerns, the IHO award any additional and/or further relief that may be appropriate and necessary to ensure that A.L. be provided with a FAPE for the duration of the 2020-21 school year.

142.    On July 8, 2020, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) informed Mr. Kopp that it had received the July 1, 2020 DPC.

143.    The July 1, 2020 DPC was assigned Case No. 195046.

144.    The July 8, 2020 notice indicated that IHO Peters was appointed to Case No. 195046.

145.    The July 8, 2020 notice included a statement that:

"NOTE: In accordance with statutory and regulatory requirements, the Department of Education must convene a resolution meeting within 15 days from the date of request identified above, unless both the parent and the school district agree in writing to waive the resolution session. Therefore, the office identified above will be contacting you regarding the resolution meeting. Note that requests regarding Section 504 issues, requests made by the school district or cases remanded by the State Review Officer are not subject to the resolution process."

146.    On July 10, 2020, DOE scheduled a resolution meeting for July 23, 2020.

147.    On July 23, 2020, DOE called only Mr. Kopp, to the exclusion of E.L. and M.S., and did not offer any of the proposed relief from the July 1, 2020 DPC.

148.    DOE did not issue a written proposed resolution agreement for review by E.L. or M.S.

149.    On July 23, 2020, in lieu of a due process response, DOE provided Mr. Kopp a copy of its prior written notice of its recommendations for the 2020-21 school year.

150.    On July 24, 2020, DOE's Impartial Hearing Office (via the email address DoNotReply@schools.nyc.gov) issued a notice that the result of the resolution period for Case No. 195046 was "RESOLUTION UNSUCCESSFUL – PROCEED TO HEARING".

151.    On September 10, 2020, IHO Peters held a pendency hearing in Case No. 195046, where:

    a.    Neither party submitted exhibits or presented witnesses;

    b.    Mr. Kopp confirmed that E.L. and M.S. were seeking the same pendency as under the Amended Order on Pendency, dated September 15, 2019, together with the tuition and costs ordered in the FOFD, all in Case No. 184024;

    c.    DOE, represented by Ms. Laine, agreed that the request was A.L.'s pendency entitlement;

    d.    IHO Peters noted that the hearing would continue on November 4, 2020;

152. On September 10, 2020, in Case No. 195046, IHO Peters issued an Order on Pendency that:

> "PURSUANT TO THE FOFD IN CASE# 184041 and AMENDED PENDENCY
> ORDER DATED [*sic*] CASE# 184021 COMMENCING THE DATE OF FILING
> OF THE [DPC] FOR THE 2020-21 SCHOOL YEAR, THE DOE IS DIRECTED
> TO PAY FOR THE FOLLOWING:"
>
> a. "Occupational Therapy 2 X 30 X 1";
>
> b. "Speech/Language Therapy 2 X 30 X in a group of 2";
>
> c. "Parent Counseling and Training 1 X month for 60 minutes"
>
> d. "Paraprofessional Behavior Support 1:1 Daily Full Time";
>
> e. "Specialized Transportation"
>
> f. "All costs and tuition for the Seton Foundation for Learning".

153. DOE provided the Case No. 195046 Order on Pendency on September 11, 2020.

154. In Case No. 195046, Mr. Kopp alerted IHO Peters to a misstatement during the pendency hearing that resulted in A.L.'s individualized speech-language therapy being left out of the Order on Pendency.

155. On September 14, 2020, IHO Peters amended the Case No. 195046 Order on Pendency to include A.L.'s individualized speech-language therapy, in addition to his group therapy.

156. DOE did not provide the Case No. 195046 Amended Order on Pendency to E.L., M.S., nor their counsel until October 5, 2020.

157. On each November 4, 2020 and December 17, 2020, in Case No. 195046, IHO Peters held a status conference for the parties, where IHO Peters confirmed on the record

that, off the record, the parties chose to permit some time to determine whether the matter could settle without a hearing.

158.    On January 27, 2021, DOE's IHOIU requested additional documentation and information from CLF pertaining to Seton School; and Seton School provided such documentation directly to DOE's IHOIU on January 29, 2021.

159.    On February 2, 2021, DOE's IHOIU required further proof of payment of the parental payments to Seton School; and Mr. Kopp submitted the requested documentation on February 3, 2021.

160.    On February 3, 2021, DOE's IHOIU requested further confirmation of the total amount paid by E.L. and M.S.; and in response on February 3, 2021, Mr. Kopp reminded DOE's IHOIU that the family was also receiving reimbursement under Case No. 184021, which remained unpaid.

161.    On February 10, 2021, in Case No. 195046, IHO Peters held a status conference for the parties, where:

        a.      The parties and IHO Peters had some discussion off the record;

        b.      IHO Peters noted on the record that there were no ongoing active resolution or settlement attempts and that Mr. Kopp requested a firm hearing date subject to client availability;

        c.      IHO Peters assigned April 8, 2021 as the firm hearing date, subject to the availability of E.L.'s and M.S.'s witnesses, and requested DOE to advise "within the next couple of weeks" whether DOE would put on a case, "so that Mr. Kopp will be able to line up his witnesses appropriately".

162.    On March 25, 2021, Mr. Kopp provided DOE's representatives with E.L.'s and M.S.'s exhibits, noted that all witnesses were by affidavit and would be available for cross-examination, requested to know whether DOE would decline cross-examination of any witness(es), and further requested DOE's disclosures along with whether DOE would present a case.

163.    On March 26, 2021, DOE disclosed that DOE would present nine exhibits, a School Psychologist, and the CSE Chairperson.

164.    On April 7, 2021, DOE requested an adjournment of the April 8, 2021 hearing "due to witness availability", which was granted on consent and immediately rescheduled by IHO Peters for April 16, 2021.

165.    On April 16, 2021, DOE and IHO Peters noted that the hearing did not appear on the hearing office's calendar, but appeared for April 22, 2021.

166.    On April 22, 2021, DOE claimed that the hearing was not on the calendar again, and IHO Peters rescheduled the hearing for June 9, 2021, stating that he would "block out [the] entire day".

167.    On May 4, 2021, DOE Impartial Hearing Office Case Coordinator Adrianna Torres confirmed to the parties and IHO that June 9, 2021 was on the calendar and that a court reporter would be available.

168.    On June 9, 2021, DOE resubmitted its disclosures, still noting nine exhibits and two witnesses.

169.    On June 9, 2021, IHO Peters held a hearing for the parties, where:

    a.      Immediately before going on the record, DOE announced for the first time that it would not present witnesses nor cross-examine affiants;

  b.  Plaintiffs entered thirty exhibits;

  c.  DOE entered nine exhibits;

  d.  IHO Peters confirmed with the parties on the record that no testimony would be heard because Plaintiffs' witnesses were all by affidavit;

  e.  IHO Peters permitted each side to make a combination opening/closing statement, which both sides presented.

170. On October 10, 2021, IHO Peters issued a twenty-four-page FOFD for Case No. 195046.

171. The October 10, 2021 FOFD in Case No. 195046 found that DOE denied A.L. a FAPE for the 2020-21 school year.

172. The October 10, 2021 FOFD in Case No. 195046 found that Seton School was an appropriate placement for the 2020-21 school year.

173. The October 10, 2021 FOFD in Case No. 195046 found that the equities favored awarding A.L.'s tuition.

174. IHO Peters, in the October 10, 2021 FOFD in Case No. 195046, ordered:

  a.  DOE pay the sum of $50,400.00 for the 2020-21 school year as $47,300.00 to Seton School and $3,000.00 to E.L. and M.S.;

  b.  Payment shall be made within thirty days of receipt of a final bill from Seton School in a form satisfactory to DOE.

175. On November 2, 2021, Seton School provided DOE's IHOIU with A.L.'s updated tuition affidavit, enrollment contract, and the Case No. 195046 FOFD.

176. M.S. received the $3,000.00 payment on April 16, 2021, as part of A.L.'s pendency in Case No. 195046.

177. DOE still has not fully paid Seton School for the 2020-21 school year under the Case No. 195046 FOFD.

178. On December 30, 2021, a fee package for Case No. 195046 was provided to DOE, showing that current fees for that case are $20,346.40, after discretionary reductions in the amount of $1,830.00. Such discretionary reductions were in addition to time that was already designated as being "no-charged" (i.e., "NC").

179. Plaintiffs have a reasonable expectation that DOE will treat their Case No. 195046 the same as DOE treated the fee demands for Plaintiffs' Case Nos. 181954 and 184024.

## **FIRST CAUSE OF ACTION**

180. E.L. and M.S. repeat and re-allege all above paragraphs as if fully set forth herein.

181. IHO Ajello's FOFD in Case No. 181954 provided that A.L. is entitled to have DOE pay for A.L.'s independent FBA and BIP, which remain in progress.

182. IHO Ajello's FOFD in Case No. 181954 provided that A.L. is entitled to have DOE pay for A.L.'s compensatory ABA services, which have some outstanding invoices and some hours remaining in progress.

183. IHO Ajello's FOFD in Case No. 181954 provided that A.L. was entitled to have DOE provide all necessary documentation and authorizations within ten days of the order.

184. IHO Peters' FOFD in Case No. 184021 provided that A.L. is entitled to have DOE pay Seton School directly for the portion of A.L.'s 2019-20 school year tuition not paid by Plaintiffs.

185. IHO Peters' FOFD in Case No. 184021 provided that A.L. is entitled to have DOE reimburse Plaintiffs for their payments of A.L.'s 2019-20 school year tuition.

186.    IHO Peters' FOFD in Case No. 195046 provided that A.L. is entitled to have DOE pay Seton School directly for the portion of A.L.'s 2020-21 school year tuition not paid by Plaintiffs.

187.    IHO Peters' FOFD in Case No. 195046 provided that A.L. is entitled to have DOE reimburse Plaintiffs for their payments of A.L.'s 2020-21 school year tuition.

188.    DOE has not fully complied with the terms of the IHO's FOFD in Case No. 181954.

189.    DOE has not fully complied with the terms of the IHO's FOFD in Case No. 184021.

190.    DOE has not fully complied with the terms of the IHO's FOFD in Case No. 195046.

191.    To the extent that DOE resumes any efforts to comply with the above FOFDs during this action and does not complete implementation of all of the FOFDs prior to the conclusion of this action, A.L. will remain entitled to timely provision of the remainder of his awards.

192.    DOE has unreasonably protracted the final resolution of these administrative proceedings across multiple school years for A.L.

193.    DOE's course of conduct in this matter creates a reasonable expectation that DOE would delay or cease payment of A.L.'s entitlements under the above FOFDs after all other causes of action have been resolved.

194.    DOE's failures to timely and fully implement IHO FOFDs are so systemic and widespread—and have been subject of so much litigation in the favor of parents of students with disabilities—that it constitutes a custom or usage and implies constructive knowledge of policy-making officials.

195.    Upon information and belief, the official applicable policy-makers have failed to properly train or supervise subordinates within DOE's IHOIU to such extent that it amounts

to deliberate indifference to the rights of those with whom DOE's IHOIU come into contact.

196. DOE's failures to fully implement A.L.'s FOFDs are part of a continuation of DOE's history and continued failures to timely and fully implement IHO FOFDs due to its customs, usages, and improperly trained or supervised subordinates.

197. DOE has, under color of law, deprived Plaintiffs of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the IHO Ajello's and IHO Peters' FOFDs.

198. Plaintiffs seek equitable relief pursuant to 42 U.S.C. § 1983. *See Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2d Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); *see also Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 151 (2d Cir. 2002) ("as noted above, plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983"); *contra A.W. v. Jersey City Public Schools*, 486 F.3d 791 (3d Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

199. This Court has the power to fashion equitable relief, including by ordering compliance and ordering that funds be placed into a special needs trust for A.L.'s benefit, which Plaintiffs may use to ensure proper payment for the awarded services and items to which A.L. is entitled under the above FOFDs. *Doe v. East Lyme Bd. of Educ.*, 790 F.3d 440 (2d Cir. 2015) ("[w]e leave the mechanics of structuring the compensatory award to the district court's sound equitable discretion, although the court may wish to consult

remedies that we have endorsed in the past"); *Streck v. Bd. of Educ. of the East Greenbush Cent. Sch. Dist.*, 408 Fed.Appx. 411, 415 (2d Cir. 2010) ("when a court grants prospective compensatory education…the prevailing party's ability to utilize that award cannot turn on its ability to finance the costs of the education awarded…the value of the prospective compensatory education must be set aside by the school district and placed in ESCROW for use in paying *up-front* for the compensatory education expenses").

200. DOE is not entitled to any reduction of costs or payment by Plaintiffs for opening, maintenance, or other fees associated with such trust fund or account as the Court may award. *Doe v. East Lyme Bd. of Educ.*, 962 F.3d 649, 660-661 (2d Cir. 2020).

201. Specifically, Plaintiffs seek an order directing:

a. Defendant's immediate compliance with all of the terms of the IHOs' FOFDs in Case Nos. 181954, 184021, and 195046; and

b. To the extent that circumstances create for DOE a temporary impossibility of performance (e.g., unused or recently used awarded hours are pending invoice-notice to DOE), DOE shall take all reasonable efforts to remain in compliance with all of the terms of the IHOs' FOFDs in Case Nos. 181954, 184021, and 195046.

## SECOND CAUSE OF ACTION

202. E.L. and M.S. repeat and re-allege all above paragraphs as if fully set forth herein.

203. The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

204.    The First, Third, Fourth, Ninth, and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. *See, e.g.*, *Blanchard v. Morton School Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

205.    Thus, in the alternative to the § 1983 cause of action stated above, Plaintiffs seek an order pursuant to the IDEA's own enforcement authority directing:

      a.      Defendant's immediate compliance with all of the terms of the IHOs' FOFDs in Case Nos. 181954, 184021, and 195046; and

      b.      To the extent that circumstances create for DOE a temporary impossibility of performance (e.g., unused or recently used awarded hours are pending invoice-notice to DOE), DOE shall take all reasonable efforts to remain in compliance with all of the terms of the IHOs' FOFDs in Case Nos. 181954, 184021, and 195046.

### THIRD CAUSE OF ACTION

206.    E.L. and M.S. repeat and re-allege all above paragraphs as if fully set forth herein.

207.    Plaintiffs M.S. and E.L. prevailed in three impartial due process hearings for A.L.; namely, Case Nos. 181954, 184021, and 195046.

208.    DOE unreasonably protracted the final resolution of each and every proceeding at issue in the instant action. *See* 20 U.S.C. § 1415(i)(3)(G).

209.    DOE violated Section 615 of the IDEA (20 U.S.C. § 1415), including by (but not limited to) failing to hold resolution meetings and failing to timely appoint IHOs. *See* 20

U.S.C. § 1415(i)(3)(G) ("The provisions of subparagraph (F) shall not apply in any action or proceeding if the court finds that…there was a violation of this section").

210. E.L. and M.S. benefited from the retention of the same counsel over the course of approximately three years.

211. The amount of relief sought and obtained in Case No. 181954 was significant for A.L.

212. The amount of relief sought and obtained in Case No. 184021 was significant for A.L.

213. The amount of relief sought and obtained in Case No. 195046 was significant for A.L.

214. Without retainer, A.L.'s type of case is generally considered undesirable in the Southern District of New York.

215. E.L.'s and M.S.'s fee is contingent upon prevailing at the impartial due process hearing.

216. Based upon all case-specific variables, including the relevant *Johnson* factors, the hourly rates of Plaintiffs' counsel are in consonance with prevailing rates in the community.

217. Based upon all case-specific variables, including the relevant *Johnson* factors, the hours billed by Plaintiffs' counsel are reasonable.

218. The costs sought by Plaintiffs are reasonable.

219. Plaintiffs' efforts to ensure DOE's implementation of the IHOs' FOFDs in Case Nos. 181954, 184021, and 195046 remain ongoing.

220.    Counsel's reasonable hourly rates have been the same throughout all three above proceedings.

221.    Prejudgment interest is calculated as: Principal x Annual Rate x (Number of Days / 365). *Makinen v. City of New York*, No. 11-cv-07535, 2016 WL 1451543 *11 fn. 5 (S.D.N.Y. Apr. 12, 2016).

222.    A reasonable fee to which 20 U.S.C. § 1415(i)(3)(G) applies (i.e., where a school district has unreasonably protracted the final resolution of a proceeding or action) contemplates the entirety of an invoice, without bonus or multiplier.

223.    Congress has stated that accounting for delay is not a bonus nor multiplier.

224.    Plaintiffs seek fees and costs pursuant to 20 U.S.C. § 1415(i)(3), including the totality of such fees under subsection (G) due to DOE's unreasonable protraction of the final resolutions of the proceedings at issue, with prejudgment interest thereupon.

225.    Pursuant to 28 U.S.C. § 1961, Plaintiffs seek postjudgment interest to deter any further delay of payment by Defendant following any judgment rendered in this action.

WHEREFORE, Plaintiffs M.S. and E.L. respectfully requests that this Court:

(1)    As to A.L.'s Case Nos. 181954, 184021, and 195046, issue an Order for:

a.    Defendant's immediate compliance with all of the terms of the IHOs' FOFDs in Case Nos. 181954, 184021, and 195046;

b.    To the extent that circumstances create for DOE a temporary impossibility of performance (e.g., unused or recently used awarded hours are pending invoice-notice to DOE), DOE to take all reasonable efforts to remain in compliance with all of the terms of the IHOs' FOFDs in Case Nos. 181954, 184021, and 195046; and

c.     Plaintiffs' attorneys' fees and costs associated with representation

in Case Nos. 181954, 184021, and 195046 and this action, together with

prejudgment and postjudgment interest thereupon; and

(2)     Grant such other and further relief as the Court deems just and proper.


Dated: January 3, 2022
      Auburn, New York                        Respectfully,

                                          s/ Benjamin M. Kopp
                                          CUDDY LAW FIRM, PLLC
                                          Benjamin M. Kopp, Esq.
                                          *Attorneys for Plaintiffs*
                                          5693 South Street Road
                                          Auburn, New York 13021
                                          Tel.: (315) 207-5584
                                          bkopp@cuddylawfirm.com